## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **BENCHMARK INSURANCE** § | 2019 JAN 30  P. 1: 57 |
| **COMPANY,** § | |
| § | DEBRA P. HACKETT, CLK |
| **Petitioner/Plaintiff,** § | U.S. DISTRICT COURT |
| § | MIDDLE DISTRICT ALA |
| § | **Case No.:** 1:19-cv-94 |
| **v.** § | |
| § | |
| **SUSTAINABLE ENERGY SOLUTIONS,** § | |
| **INC., a domestic corporation; DANNY** § | |
| **LOONEY, an individual;** § | |
| § | |
| **Respondents/Defendants.** § | |

### COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Petitioner/Plaintiff Benchmark Insurance Company, by and through the undersigned counsel, in the above-styled cause, and states as follows:

### INTRODUCTION

1.    Benchmark Insurance Company ("Benchmark") seeks a judicial determination that it is entitled to rescind that certain Workers' Compensation and Employers Liability Insurance Policy issued to Sustainable Energy Solutions, Inc. ("SES") which bears policy number WC044-0040108 (the "Benchmark Policy"), and that the Benchmark Policy is void *ab initio* and provides no coverage whatsoever to any person or entity, including but not limited to the defendants named herein. Benchmark is entitled to rescind the Benchmark Policy because it was procured based upon an application for insurance which was materially false, and because Benchmark would not have issued the Benchmark Policy but for misrepresentations made at the time of the application and issuance of the Benchmark Policy.

2.    Benchmark further represents that, should the Court enter a judicial determination that it is

entitled to rescind the Benchmark Policy, Benchmark will immediately reimburse all sums received as policy premiums under the Benchmark Policy.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the subject matter of the this action pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states.

4. Pursuant to 28 U.S.C. § 1391, venue is appropriate in the Middle District of Alabama, Southern Division because jurisdiction is founded upon diversity of citizenship, in that defendant SES, the corporate defendant, has its principal place of business in this District, and that the other individual defendant, Danny Looney, resides in this District, and that the contract upon which this action is based was formed and issued to Defendant SES in this District.

## PARTIES

5. Petitioner/Plaintiff Benchmark is an insurance company domiciled in the State of Kansas with its statutory home office in the State of Kansas, and with its principal place of business in the State of Minnesota.

6. Defendant SES is a domestic corporation organized under the laws of the State of Alabama, with its principal place of business in Slocomb, Alabama, which is within the Middle District of Alabama, Southern Division.

7. Defendant Danny Looney is an individual citizen of the State of Alabama residing in Geneva County, Alabama, which is within the Middle District of Alabama, Southern Division. Danny Looney is named herein solely as a nominal defendant because he may file a claim for benefits under the Benchmark Policy. He is named herein as a defendant so that he may participate in the litigation and so that he will be bound by the coverage

determinations made by the Court herein. Benchmark does not allege that Danny Looney engaged in any wrongdoing.

### FIRST CLAIM FOR RELIEF
#### (Rescission)

8.   Benchmark includes the foregoing paragraphs 1 through 7 and incorporates the same herein by this reference.

**The Misrepresentations**

9.   Benchmark would not issue a policy of workers compensation insurance to SES if its employees were engaged in roof work or work at a height of greater than 15 feet, as opposed to performing duties in the application of waterproofing or other coating materials at ground level.

10.  On or about October 10, 2012, SES applied for workers' compensation insurance from Benchmark. On the application, the "nature of business/description of operations" of SES is described as "application of waterproofing material via spray gun and or roller". The application specifically inquires whether any work is performed "above 15 feet", to which Donna Boyette, acting on behalf and as President of SES, responded "N[o]". A true and correct copy of the Benchmark Policy application is attached hereto as Exhibit "A" and incorporated herein by this reference.

11.  On October 10, 2012, Benchmark provided a quote to SES for the workers' compensation policy, which was stated to be expressly subject to the following:

**In addition to a complete and signed Acord 130 and a signed Argos Employers Agreement this quote is subject to the following:**

**Favorable contractors supplemental app filled out and signed by the insured;**

**On ground only for the applying waterproofing; no height work or roof work.**

A true and correct copy of the Benchmark correspondence to SES is attached hereto as

Exhibit "B" and incorporated herein by this reference.

12.     SES thereafter submitted a Supplemental Application, describing the nature of the company's work as "waterproofing and painting" and again expressly denying that any work was performed by the company's employees at a height above 15 feet. A true and correct copy of the supplemental application is attached hereto as Exhibit "C" and incorporated herein by this reference.

13.     The representations in the application and supplemental application were false in that (a) employees of SES were in fact engaging, or would be engaging, in roof work and work at a height above 15 feet; and (b) the duties of employees were not being, or would not be, limited to "on ground only for applying waterproofing".

**Issuance of the Benchmark Policy**

14.     In or about October, 2012, in reliance upon the truth and accuracy of the representations made by SES set forth in Exhibits "A" and "C" hereto, Benchmark issued the Benchmark Policy to SES. A true and correct copy of the Benchmark Policy is attached hereto as Exhibit "D" and incorporated herein by this reference. The Benchmark Policy has been renewed in each consecutive policy year, through and including the policy period of October 12, 2017 through October 12, 2018.

15.     Benchmark relied to its detriment upon the truth of SES's representations regarding its employees not engaging in roof work or work at a height above 15 feet. Had Benchmark been aware that employees of SES were, or would be, engaging in roof work or work activities at a height of greater than 15 feet, Benchmark would not have issued the Benchmark Policy to SES.

**The Claim of Danny Looney**

16.     Contrary to the representations made by SES when it applied for insurance, various of its

employees were in fact engaging, or would be engaging, in roof work or work activities at a height greater than 15 feet.

17.    On or about October 3, 2018, Danny Looney and others in the employ of SES were engaged in roof work or work activities at a height greater than 15 feet on the roof of a commercial building. According to the First Report of Injury, while helping put materials on the roof, Danny Looney stepped backward and fell into a skylight, falling through and onto the warehouse floor below. A true and correct copy of the Employer's First Report of Injury or Occupational Disease is attached hereto as Exhibit "E" and incorporated herein by this reference. As a result of said accident, Danny Looney suffered severe and permanent injuries.

18.    Danny Looney is claiming workers' compensation benefits under the Benchmark Policy, and in the course of investigating the claim, Benchmark became aware of the misrepresentations made in connection with the issuance of the Benchmark Policy.

19.    Benchmark has paid partial benefits to Danny Looney under the Benchmark Policy until this matter can be adjudicated by the Court, because his claims, but for the rescission of the Benchmark Policy, would be covered thereunder. Benchmark now seeks a rescission of the policy, upon which all premiums paid by SES for the Benchmark Policy shall be reimbursed.

**Entitlement to Rescission**

20.    Benchmark seeks, and is entitled to obtain, an order that by virtue of the material misrepresentations made by SES in applying for the Benchmark Policy, the Benchmark Policy is void *ab initio* and provides no insurance coverage whatsoever to any person or entity, including but not limited to Danny Looney, and that Benchmark is entitled to rescind the Benchmark Policy. Benchmark is further entitled to an order that the Benchmark Policy

is rescinded.

21.     This Complaint constitutes notice of rescission of the Benchmark Policy by Benchmark, subject to this Court's declaration to that accord. Benchmark hereby offers to restore all premiums paid by SES, upon entry of said declaration and judgment.

**WHEREFORE**, Benchmark prays for judgment as follows:

1.     For a declaration that the Benchmark Policy is void *ab initio*;

2.     For a declaration that Benchmark is entitled to rescind the Benchmark Policy;

3.     For an order directing that the Benchmark Policy is rescinded; and

4.     For such other and further relief as the Court deems appropriate.

Respectfully submitted this 30th day of January, 2019.

DAVID P. STEVENS (ASB-4417-E59D)
APRIL W. MCKAY (ASB-5653-P76W)
Counsel for Plaintiff, Benchmark Insurance Company

OF COUNSEL:
*Holtsford Gilliland Higgins Hitson & Howard, P.C.*
Post Office Box 4128
Montgomery, Alabama 36103-4128
Telephone: (334) 215-8585
Facsimile: (334) 215-7101
Email: dstevens@hglawpc.com
        amckay@hglawpc.com

Plaintiff requests that Respondents be served with Summons and Complaint by first class U.S. certified mail issued to:

Sustainable Energy Solutions, Inc.
652 Dixie Road
Slocomb, AL 36375

Danny Looney
872 Hiddle Drive
Slocomb, AL 36375

OF COUNSEL