IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BENCHMARK INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:19-CV-94-WKW |
| | ) | [WO] |
| SUSTAINABLE ENERGY SOLUTIONS, INC., and DANNY LOONEY, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Benchmark Insurance Company seeks a declaratory judgment that it has a right to rescind an insurance policy it issued to Defendant Sustainable Energy Solutions, Inc. (Doc. # 1.) Sustainable and its employee, Defendant Danny Looney, move to stay or dismiss this action in favor of ongoing litigation in the Circuit Court of Geneva County, Alabama. (Docs. # 12, 21.) Their motions to stay are due to be granted.

## I. JURISDICTION AND VENUE

"The Declaratory Judgment Act does not, of itself, confer jurisdiction upon the federal courts. Rather, a suit brought under the Act must state some independent source of jurisdiction." *FEC v. Reform Party of U.S.*, 479 F.3d 1302, 1307 n.5 (11th Cir. 2007) (per curiam) (citing *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir.

1989)).  Benchmark invokes diversity jurisdiction.  28 U.S.C. § 1332(a)(1).  Because

Benchmark does not pray for damages, it must show that "the monetary value of the

object of the litigation" exceeds $75,000.  *Federated Mut. Ins. Co. v. McKinnon*

*Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (quoting *Cohen v. Office Depot,*

*Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)).  Benchmark makes little effort to carry

its burden — it just says that "the matter in controversy exceeds the sum of $75,000."

(Doc. # 1, at 2.)  But given the apparent seriousness of Danny Looney's injuries and

the terms of the insurance policy at issue, the court finds that it has subject-matter

jurisdiction.  *See Stonewall Ins. Co. v. Lopez*, 544 F.2d 198, 199 (5th Cir. 1976) (per

curiam).  The parties do not contest personal jurisdiction or venue.

## II.  BACKGROUND

Sustainable Energy Solutions, Inc., is an Alabama company that waterproofs

commercial and residential buildings.  (Doc. # 1, at 2; Doc. # 1-3, at 1.)  Its principal

place of business is in Geneva County.  (Doc. # 1-1, at 1; Doc. # 12-2, at 1.)  In 2012,

Sustainable applied for a workers' compensation and employer's liability insurance

policy through Slingluff United Insurance Agency in Dothan.  April Parker was

Slingluff United's insurance agent.  (Doc. # 1-1, at 1; Doc. # 1-4, at 1.)

To get a quote on a policy, an initial application was submitted to Benchmark

Insurance Company.  According to a note on that application, Sustainable's business

involved the "application of waterproofing material via spray gun [or] roller."  One

question on this initial application asked if Sustainable did "any work . . . above 15 feet." Answer:  No.  (Doc. # 1-1, at 3.)  Sometime later, a supplemental application asked the same question about doing "any work above 15 feet."  That query was also answered in the negative.  (Doc. # 1-3, at 1.)  Benchmark ultimately gave Sustainable a quote "subject to the following" condition:  "On ground only for the applying [of] waterproofing; no height work or roof work."  (Doc. # 1-2, at 1.)

Benchmark issued Sustainable an insurance policy (No. WC044-0040108) in October 2012.  The policy covered workers' compensation claims.  It also provided Sustainable with up to $100,000 of liability insurance per accident.  (Doc. # 1-4, at 1.)  The policy itself does not seem to restrict the type of work that Sustainable may perform.  Sustainable renewed the policy each year.  Its most recent policy covered work performed on October 3, 2018.  (Doc. # 1, at 4.)

October 3 matters because of a workplace accident that happened on that day. A Geneva County resident named Danny Looney was working for Sustainable on a jobsite in Montgomery.  (Doc. # 12-1, at 1.)  According to an accident report, Looney "was helping put materials on [a] roof" when he stepped onto — and through — a skylight.  (Doc. # 1-5, at 1.)  As a result of that fall, Looney allegedly suffered serious and permanent injuries.  (Doc. # 12-1, at 1.)

Three lawsuits ensued after the October 3 accident.  Benchmark fired the first shot when it filed this declaratory judgment action against Sustainable and Looney

on January 30 of this year.  (Doc. # 1.)  Benchmark says Sustainable misrepresented the nature of its business on the 2012 insurance policy applications, and Benchmark insists that it would not have insured Sustainable if it had known Sustainable worked on roofs.  Benchmark thus claims that the insurance policy is "void *ab initio*," and it seeks a declaratory judgment that it may rescind the policy.  (Doc. # 1, at 5.)  Though Benchmark does not spell out the legal support for its claim, it is possibly relying on Alabama Code § 27-14-7(a).  Under that statute, misrepresentations on an insurance application may prevent recovery under the policy.  *See Nationwide Mut. Ins. Co. v. Pabon*, 903 So. 2d 759, 766–67 (Ala. 2004).  Interestingly, though, § 27-14-7(a) "is an affirmative defense" under Alabama law.  *Patterson v. Liberty Nat'l Life Ins. Co.*, 903 So. 2d 769, 779 (Ala. 2004).

Less than a week later, on February 4, Danny Looney filed the second lawsuit. He sued Sustainable in the Circuit Court of Montgomery County under the Alabama Workers' Compensation Act, Ala. Code § 25-5-1 *et seq.*  (Doc. # 12-1.)[1]  In response to that lawsuit, Benchmark says that it is paying Looney partial disability benefits. Benchmark also says it is defending Sustainable against Looney's claim.  (Doc. # 1, at 5; Doc. # 18, at 8.)  Looney asserts that Benchmark is not paying his medical benefits.  (Doc. # 21, at 2–3; Doc. # 22-1, at 1.)

---

[1]  *Looney v. Sustainable Energy Sols., Inc.*, No. 03-cv-2019-900194.00 (Ala. Cir. Ct. filed Feb. 4, 2019) (Montgomery County).

Sustainable filed the third lawsuit on April 24 in the Circuit Court of Geneva County. (Doc. # 12-2.)[2] It sued Benchmark, Slingluff United, and April Parker. In short, Sustainable alleges that it told Parker that it worked on roofs, that Parker filled out the applications, and that Parker said the policy would cover "all injuries." (Doc. # 12-2, at 2–3.) Sustainable seeks to hold Benchmark liable for Parker's actions and misrepresentations. Sustainable also alleges Benchmark has "refused to pay benefits owed to" Sustainable. (Doc. # 12-2, at 4.) Sustainable thus brings claims for breach of contract, bad faith, fraud, failure to disclose, negligence, and wantonness. (Doc. # 12-2, at 4–8.)

On the same day that it filed its Geneva County lawsuit, Sustainable moved to dismiss or stay this declaratory judgment action. (Doc. # 12.) Later, Looney filed a similar motion. (Doc. # 21.) Then on May 22, Benchmark moved to dismiss the Geneva County lawsuit, asserting that it has not denied coverage and that the claims in the Geneva County case are compulsory counterclaims in this action. (Doc. # 20.) Slingluff United and Parker then filed a similar motion to dismiss the Geneva County case. The Circuit Court of Geneva County has scheduled a hearing for July 11, 2019, about the motions to dismiss.

---

[2] *Sustainable Energy Sols., Inc. v. Benchmark Ins. Co.*, No. 34-cv-2019-900059.00 (Ala. Cir. Ct. filed Apr. 24, 2019) (Geneva County).

## III.  DISCUSSION

Under the Declaratory Judgment Act, a federal court "*may* declare the rights and other legal relations of any interested party."  28 U.S.C. § 2201(a) (emphasis added).  But *Brillhart v. Excess Insurance Co. of America* held that courts are "under no compulsion to exercise that jurisdiction."  316 U.S. 491, 494 (1942).  Or as the Supreme Court put it in *Wilton v. Seven Falls Co.*, the Act "confers a discretion on the courts rather than an absolute right upon the litigant."  515 U.S. 277, 287 (1995) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).  This discretion results in the so-called *Wilton–Brillhart* Abstention Doctrine.

Under the *Wilton–Brillhart* Abstention Doctrine, federal courts should avoid "gratuitous interference with the orderly and comprehensive disposition of a state court litigation."  *Brillhart*, 316 U.S. at 495 (cleaned up).  Moreover, "considerations of practicality and wise judicial administration" may lead a court to stay or dismiss a declaratory judgment action that would waste judicial resources.  *Wilton*, 515 U.S. at 288.  Accordingly, a federal district court "is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment."  *Id.*

Several factors guide a federal court's decision to stay or dismiss a declaratory judgment action.  Here, the Geneva County action may well resolve the issue in this case — plus several others.  None of those issues involve federal law, and Alabama courts have an interest in applying Alabama law to Alabama injuries.  There is a

good chance that issuing a declaratory judgment will create friction with state court, and it is possible that Benchmark filed this action to avoid litigating in Alabama courts.  So the court will stay this federal action pending litigation in Circuit Court of Geneva County.

**A.      The court, in its discretion and after weighing the relevant factors, may stay or dismiss this action in favor of the Geneva County litigation.**

Before a federal court can abstain in favor of a state court case, there must be a related state court proceeding.  *See Fed. Reserve Bank of Atl. v. Thomas*, 220 F.3d 1235, 1247 (11th Cir. 2000) ("It is an abuse of discretion . . . to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist.").  *But see Stevens v. Osuna*, 877 F.3d 1293, 1313 (11th Cir. 2017) (affirming the dismissal of a declaratory judgment action without identifying any state court action).  It matters how similar the federal action is to the state court case.  A federal court's discretion to abstain is more pronounced when the federal and state actions are "parallel" — that is, when they "involve substantially the same parties and substantially the same issues." *Ambrosia Coal & Const. Co. v. Pagés Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004).[3]  But as the Eleventh Circuit once explained, "nothing in the Declaratory

---

[3] This definition originally applied to the abstention doctrine developed in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).  *Ambrosia*, 368 F.3d at 1327. But the *Wilton–Brillhart* Abstention Doctrine permits "greater discretion" than the *Colorado River* Abstention Doctrine does.  *Wilton*, 515 U.S. at 286.  Logically, then, this definition of a "parallel" action applies in *Wilton–Brillhart* cases.  *See Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 284–86 (3d Cir. 2017); *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005).

Judgment Act suggests that a district court's discretionary authority exists only when a pending state proceeding shares substantially the same parties and issues.  Rather, the district court must weigh all relevant factors . . . even [when] the state and federal actions [are] not parallel." *First Mercury Ins. Co. v. Excellent Computing Distribs., Inc.*, 648 F. App'x 861, 866 (11th Cir. 2016) (per curiam); *see also Associated Indus. Ins. Co. v. Four Four, LLC*, No. 17-cv-103, 2018 WL 2946397, at \*5 (M.D. Ala. June 12, 2018).[4]

The parties in this action are similar to the parties in the Geneva County case. That is because Benchmark and Sustainable are parties in both.  To be sure, Looney is a defendant here but is not a party to the Geneva County litigation.  But Benchmark named Looney as a defendant "so that he will be bound" by this court's judgment. (Doc. # 1, at 2.)  "Benchmark does not allege that [he] engaged in any wrongdoing," and it admits up-front that he is only "a nominal defendant."  (Doc. # 1, at 2–3.)  That makes it meaningless that he is missing from the Geneva County action.  The Geneva County case also includes claims by Sustainable against Slingluff United and Parker.

---

[4] At least seven other circuits do not require a parallel action. *See Kelly*, 868 F.3d at 288; *Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 967–68 (8th Cir. 2013); *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 379 (7th Cir. 2010); *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 394 (5th Cir. 2003); *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir. 2002); *United States v. City of Las Cruces*, 289 F.3d 1170, 1182–83 (10th Cir. 2002); *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 423 (4th Cir. 1998) (per curiam); *see also Nationwide Mut. Fire Ins. Co. v. Hatton*, 357 F. Supp. 3d 598, 619 (E.D. Ky. 2019); *Stoncor Grp. v. Peerless Ins. Co.*, 322 F. Supp. 3d 505, 515 (S.D.N.Y. 2018); *Standard Fire Ins. Co. v. Gordon*, 376 F. Supp. 2d 218, 231 (D.R.I. 2005).

But the presence of extra parties in a state court case does not prevent abstention. *See Sparta Ins. Co. v. Smith*, No. 11-cv-108, 2011 WL 2175103, at \*4 (M.D. Ala. June 3, 2011) (abstaining even though the state court action included more parties); *Universal Underwriters Serv. Corp. v. Melson*, 953 F. Supp. 385, 386 (M.D. Ala. 1996) (same). If anything, the breadth of a state case can be a reason to abstain.

The issue that Benchmark raises in its federal court complaint is also identical to a predicate issue in the Geneva County case: whether Benchmark owes any duties to Sustainable. Benchmark contends that it can rescind the insurance policy because Sustainable misrepresented its business on the policy applications. (Doc. # 1, at 5–6.) But those misrepresentations are an affirmative defense to the claims Sustainable brings against Benchmark in state court. *See* Ala. Code § 27-14-7(a); *Patterson*, 903 So. 2d at 779; *Pabon*, 903 So. 2d at 766–67. Although Benchmark has not yet raised that defense in state court, neither has it filed an answer to Sustainable's complaint. So even though the Geneva County lawsuit is not currently "parallel" to this action, the two can easily become parallel. *See Angora Enters. v. Condo. Ass'n of Lakeside Vill., Inc.*, 796 F.2d 384, 388 (11th Cir. 1986) (stating federal courts "may properly refuse declaratory relief" if "there is a pending action in which some of the questions posed by the declaratory action have *or may be raised*") (cleaned up and emphasis added); *Penn Tank Lines, Inc. v. Jackson*, No. 17-cv-1018, 2018 WL 465977, at \*4 (N.D. Ala. Jan. 18, 2018). This similarity — and potential for even more similarity

— matters.

Since this declaratory judgment action is closely related to the Geneva County

action, it is proper to consider whether to abstain from deciding this case.  *See First*

*Mercury*, 648 F. App'x at 866.

**B.     On balance, the relevant factors counsel in favor of abstention here.**

In *Ameritas Variable Life Insurance Co. v. Roach*, the Eleventh Circuit listed

nine factors that federal courts should consider when deciding whether to abstain in

favor of state court litigation.  411 F.3d 1328, 1331 (11th Cir. 2005) (per curiam).

They are:

> (1)  the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2)  whether the judgment in the federal declaratory action would settle the controversy;
>
> (3)  whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4)  whether the declaratory remedy is being used merely for the purpose of "procedural fencing" — that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
>
> (5)  whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6)  whether there is an alternative remedy that is better or more effective;
>
> (7)  whether the underlying factual issues are important to an informed resolution of the case;

(8)   whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9)   whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id.* No one factor on this non-exhaustive list is controlling. Instead, they are simply "guideposts," *id.*, and courts should not be "rigid" and "mechanical" when applying them, *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

The first *Ameritas* factor looks at Alabama's interest in having the issue raised in this declaratory judgment action decided in Geneva County. This factor counsels in favor of abstention. Alabama courts have a strong interest in deciding whether Benchmark must insure Sustainable. Sustainable is an Alabama business. Looney is an Alabama employee who was injured in Alabama. Sustainable bought insurance in Alabama, from an Alabama company (Slingluff United), and through an Alabama agent (Parker). Alabama law governs every claim to relief. *See Gen. Fid. Ins. Co. v. Garrett*, 998 F. Supp. 2d 1312, 1317 (M.D. Ala. 2014) (invoking similar Alabama contacts to justify abstention); *Amerisure Mut. Ins. Co. v. Paragon Constr. & Dev., Inc.*, No. 06-cv-1047, 2007 WL 2893404, at *2 (M.D. Ala. Sept. 28, 2007) (same).

The second and third factors also favor abstention because this action could easily become of little value. The Geneva County litigation is, at the moment, much

11

broader than this action.  Benchmark's complaint in this case raises just one issue:

whether Benchmark may rescind the policy.  The Geneva County action, by contrast,

raises questions about whether Benchmark breached the policy, whether Parker lied

to Sustainable, whether Benchmark is liable for Parker's alleged misrepresentations,

whether Benchmark acted in bad faith, and more.  Benchmark may invoke rescission

as a defense to those claims.  But if Benchmark is liable under the policy and it turns

out that Benchmark had not paid everything it owes under the policy, litigation will

continue.  And even if Benchmark is entitled to rescission, there may still be claims

against Slingluff United and Parker.  Those claims are between Alabama parties and

concern Alabama law, so a federal court would have little interest in resolving them.

So unlike the Geneva County action, this declaratory judgment proceeding may not

resolve all controversies.  *See Cincinnati Specialty Underwriters Ins. Co. v. M & M,*

*LLC*, No. 10-cv-1053, 2011 WL 1545314, at \*2 (M.D. Ala. Apr. 25, 2011) (relying

on the state court action's breadth as a reason for abstention); *Travelers Indemn. Co.*

*v. Plantation Oaks of Ala., Inc.*, No. 08-cv-637, 2009 WL 902484, at \*3 (M.D. Ala.

Mar. 31, 2009) (same); *Wesco Ins. Co. v. S. Mgmt. Servs.*, No. 16-cv-1955, 2017

WL 1354873, at \*4 (N.D. Ala. Apr. 13, 2017) (same).[5]

---

[5] This differs from cases where the state court action will not address the issue in the federal action — such as when there is a state tort action to which the insurer is not a party, and the insurer sues the insured to get a declaration that the insurer owes no duty to the insured. *See Associated Indus.*, 2018 WL 2946397, at \*6; *Essex Ins. Co. v. Foley*, No. 10-cv-511, 2011 WL

The fourth factor, "procedural fencing," is a bit of a wash. *Ameritas*, 411 F.3d at 1331. Benchmark, of course, wants a federal forum. That is no doubt why it sued first — before Looney filed his workers' compensation claim and even though it can invoke Sustainable's alleged misrepresentations as a defense to a state court lawsuit. Now Benchmark insists that the Geneva County litigation must be dismissed in favor of this action. That looks like forum-shopping, and there is an interest in avoiding races to the courthouse door. *See Allstate Indemn. Co. v. Harland*, No. 09-cv-1315, 2009 WL 10703059, at *4 (N.D. Ala. Dec. 21, 2009) (finding "procedural fencing" when the insurer filed first and moved to dismiss the state court action); *Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982) (acknowledging the interest in avoiding anticipatory litigation); *Triple S Ref. Corp. v. Mount Canaan Full Gospel Church*, 254 F. App'x 762, 763 (11th Cir. 2007) (per curiam) ("That the action in state court was filed after the federal complaint, in anticipation of the motion to dismiss, is of no moment."). At the same time, though, Sustainable filed the Geneva County action in anticipation of its motion to dismiss this action, and there is an interest in keeping a case where it was first filed. *See Manuel*, 430 F.3d at 1135–36. The "procedural fencing" factor, therefore, "weighs neither in favor of nor against exercising federal jurisdiction." *Amerisure*, 2007 WL 2893404, at *3.

---

290423, at *2–3 (S.D. Ala. Jan. 27, 2011); *State Farm Fire & Cas. Co. v. Knight*, No. 09-cv-783, 2010 WL 551262, at *3–4 (S.D. Ala. Feb. 11, 2010).

The fifth *Ameritas* factor urges the court to avoid friction with the state court, and it favors abstention. If the court exercises jurisdiction, it will decide a defense that would have been available in state court. Regardless of Benchmark's subjective motives in filing this lawsuit, the effect will be to snatch a dispute out of the state court's hands. Yet federalism and comity urge against seizing jurisdiction because a would-be defendant won the race to court. *See Wycoff*, 344 U.S. at 248 ("If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim."); 10B Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 2758, at 486–88 (4th ed. 2016) ("The Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from a state to federal court, and it is not the function of the federal declaratory action merely to anticipate a defense that otherwise could be presented in a state action.") (footnotes omitted). These concerns exist even if the state court agrees with the outcome in federal court. But consider the friction that would result if the state court disagreed. *See Lexington Ins. Co. v. Rolison*, 434 F. Supp. 2d 1228, 1239 (S.D. Ala. 2006) (considering the possibility of disagreement); *U.S. Fid. & Guar. Co. v. Algernon-Blair, Inc.*, 705 F. Supp. 1507, 1514 (M.D. Ala. 1988) (similar).

The sixth *Ameritas* factor asks if there is "an alternative remedy that is better

or more effective" than federal litigation.  411 F.3d at 1331.  Although it is possible

that this declaratory action could resolve every claim against Benchmark, resolving

all issues in one state court action is better than the risk of piecemeal litigation in

state and federal court.  And if this court asserts jurisdiction, it may lead to fractured

litigation.  Thus, this factor tilts in favor of abstention.  *See Garrett*, 998 F. Supp. 2d

at 1317; *Amerisure*, 2007 WL 2893404, at *3.

The seventh and eighth factors ask if "underlying factual issues are important

to an informed resolution of the case"  and "whether the state trial court is in a better

position to evaluate those factual issues." *Ameritas*, 411 F.3d at 1311.  Factual issues

exist here:  What information did Sustainable give to Parker, Slingluff United, and

Benchmark?  What did Slingluff United and Parker do?  Is Looney getting all the

benefits to which he is entitled?  These issues will be resolved in state court, and that

court will have all the parties before it.  *Travelers*, 2009 WL 902484, at *3; *Rolison*,

434 F. Supp. 2d at 1242.  It is "better for one court to make [a] factual determination,

rather than for two courts to duplicate each other's efforts."  *Amerisure*, 2007 WL

2893404, at *4.  And Benchmark does not suggest that it would suffer any prejudice

or inconvenience from litigating in state court.  *See Universal Underwriters*, 953 F.

Supp. at 388.

The final factor asks "whether there is a close nexus between the underlying

factual and legal issues and state law and/or public policy, or whether federal

common or statutory law dictates a resolution of the declaratory judgment action."
*Ameritas*, 411 F.3d at 1311.  This case involves no federal common or statutory law
issues.  Alabama also has an interest in applying its state law claims and defenses.
*Garrett*, 998 F. Supp. 2d at 1318; *Amerisure*, 2007 WL 2893404, at \*4.  So the ninth
factor favors abstention.

In sum, practicality, efficiency, federalism, comity, and equity lead the court
to abstain from exercising jurisdiction over this declaratory judgment action.

Benchmark counterargues that Alabama courts would have this court hear the
whole dispute — including the claims against Slingluff United and Parker.  Thus, it
continues, abstention is inappropriate.  But Benchmark's position is unconvincing.

Under the Alabama "abatement statute," a plaintiff may not "prosecute two
actions in the courts of this state at the same time for the same cause and against the
same party."  Ala. Code § 6-5-440.  This statute has been interpreted to mean that if
"the matter raised in [a] state court complaint constitutes a compulsory counterclaim
in [a] federal court action that was pending at the time the state court action was
commenced, the statute compels dismissal of the state court action." *Ex parte Canal
Ins. Co.*, 534 So. 2d 582, 585 (Ala. 1988); *see also Ex parte Nautilus Ins. Co.*, 260
So. 3d 823, 831 (Ala. 2018) (similar).  Under that interpretation, Sustainable cannot
maintain the Geneva County litigation *if this action is also being prosecuted*.

But Alabama law does not require federal courts to exert jurisdiction any time

a complaint is filed first in federal court. Nor does Alabama law forbid federal courts from abstaining under the *Wilton–Brillhart* Abstention Doctrine. Instead, Alabama law provides "when a federal court abstains from hearing a case . . . , that case is not considered as an action being prosecuted, for purposes of" the abatement statute. *Ex parte Norfolk S. Ry. Co.*, 992 So. 2d 1286, 1291 (Ala. 2008).

Perhaps more importantly, Alabama's abatement statute is only a minor issue for federal courts. Federal courts should consider the extent to which the abatement statute would procedurally bar state court litigation. *N.H. Ins. Co. v. Cincinnati Ins. Co.*, No. 14-cv-99, 2014 WL 5088202, at *2 (S.D. Ala. Oct. 9, 2014). But otherwise, the abatement statute "should not play any role in the decision whether to retain or dispose of litigation." *Am. Cas. Co. of Reading, Pa. v. Skilstaf, Inc.*, 695 F. Supp. 2d 1256, 1260 (M.D. Ala. 2010) (cleaned up); *see also Wesco*, 2017 WL 1354873, at *2 ("While Defendants' state law claims could be compulsory counterclaims in this matter, the court need only make such a determination *after* deciding whether to exercise its discretion to hear the federal declaratory judgment action in the first place."). As noted above, Alabama law does not necessarily require the dismissal of the Geneva County litigation. Plus, Benchmark can only speculate that the Circuit Court of Geneva County will dismiss Sustainable's lawsuit. *See Ex parte Compass Bank*, 77 So. 3d 578, 582–86 (Ala. 2011) (outlining when courts apply the abatement statute). The court therefore exercises its discretion to abstain from this action.

**C.**     **A stay, rather than dismissal, is appropriate.**

Because abstention is appropriate, the final question is whether the court will stay or dismiss this action.  A stay is "often . . . the preferable course."  *Wilton*, 515 U.S. at 288 n.2.  That is what the court will do here.  *See Travelers*, 2009 WL 902484, at *5; *Amerisure*, 2007 WL 2893404, at *5.

## IV.  CONCLUSION

The Declaratory Judgment Act gives the court "substantial latitude in deciding whether to stay or to dismiss a declaratory judgment suit in light of pending state proceedings."  *Wilton*, 515 U.S. at 286.  Given that "substantial discretion," *id.*, it is ORDERED that:

1.     Defendant Sustainable Energy Solutions, Inc.'s motion to dismiss or to abstain (Doc. # 12) is DENIED as to the motion to dismiss and GRANTED as to the motion to abstain.

2.     Defendant Danny Looney's motion to dismiss or to abstain (Doc. # 21) is DENIED as to the motion to dismiss and GRANTED as to the motion to abstain.

3.     This action is STAYED pending resolution of the state court litigation.

4.     On **August 1, 2019**, and every ninety days afterwards, the parties shall file a jointly prepared report concerning the status of the state court actions.

DONE this 28th day of June, 2019.

_____
                    /s/ W. Keith Watkins
                    UNITED STATES DISTRICT JUDGE